UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ERNIE TELIAN,

                    Plaintiff,

v.                                                    3:14-cv-945


TOWN OF DELHI, PETER BRACCI,
JOHN MATHIESEN, SHERRI TELIAN,
JOHN DOE NO. 1, JOHN DOE NO. 2, JOHN
DOE NO. 3, JOHN DOE NO. 4, AND JOHN
DOE NO. 5,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States Judge

## <u>DECISION and ORDER</u>

        Plaintiff Ernie Telian commenced the instant action pursuant to 42 U.S.C. §

1983, alleging that Defendants violated his Fifth and Fourteenth Amendment rights.

After the Court granted Defendants' motions to dismiss with leave to amend certain

claims, Plaintiff filed an Amended Complaint.  Presently before the Court are

Defendants' motions to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6).  See dkt. #s 41, 42.

## I.    BACKGROUND

        This matter concerns disputes over building permits on property where Plaintiff

Ernie Telian and his former wife, Defendant Sherri Telian, resided.  Plaintiff's initial

Complaint alleged that Defendants, who included his ex-wife and officials of the Town

of Delhi, subjected him to zoning decisions and prosecutions out of personal animosity

in violation of state and federal law.  (See Complaint, dkt. # 1).  Plaintiff alleged that

Defendants' conduct violated his rights to equal protection and due process. (Id. at ¶ 64). He contended that he was forced to expend considerable attorneys' fees as a result of Defendants' conduct, and that he suffered extreme emotional distress that required psychological counseling. (Id. at ¶ 52). Plaintiff also claimed that Defendants acted outrageously and he is therefore entitled to punitive damages in this case. (Id. at ¶ 67).

Defendants then filed motions to dismiss the case, alleging that Plaintiff could not recover on any of his claims even if he could prove the facts alleged. The Court granted the motion of Defendant Sherri Telian and dismissed all counts. The Court permitted the Plaintiff to file an amended complaint that alleged that other persons similarly situated were treated differently than he was, and that Defendant Sherri Telian engaged in state action. Similarly, the Court granted the motion of Defendants Town of Delhi, Peter Bracci and John Mathiesen, but permitted Plaintiff to file an Amended Complaint that properly alleged an equal protection, substantive due process, and civil-rights conspiracy claim against these Defendants. The Court also permitted Plaintiff to replead his claim for punitive damages and municipal liability.

Plaintiff then filed an Amended Complaint, dkt. # 34, and Defendants again filed motions to dismiss.[1]

## II.    LEGAL STANDARD

Plaintiffs have filed motions to dismiss the Amended Complaint pursuant to

---

[1]The Court assumes familiarity with the facts as alleged in the original Complaint. The Court will recite the facts alleged in the Amended Complaint only as relevant to the Defendants' motions.

Federal Rule of Civil Procedure 12(b)(6).  In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.    ANALYSIS

Defendant Sherri Telian again filed a motion to dismiss, as did Defendants Town of Delhi, Peter Bracci and John Mathiesen.  The Court will address each motion in turn.

### A.  Defendant Sherri Telian

Defendant Sherri Telian moves for dismissal of each count against her.  She contends that the Plaintiff has not cured the deficiencies in his original Complaint.

#### i.  Equal Protection Claim

Defendant seeks dismissal of Plaintiff's equal protection claim, which raises a "class-of-one" theory.   Using this theory, a plaintiff may "state an equal protection claim where [he] allege[s] that [he was] intentionally treated differently from other similarly-situated individuals without any rational basis."  Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).  Such plaintiffs "must show an extremely high degree of similarity between themselves

and the persons to whom they compare themselves." Id. "The purpose of requiring similarity is to make sure that no legitimate factor could explain the disparate treatment." Fortress Bible Church v. Feiner, 694 F.3d 208, 222 (2d Cir. 2012). To prevail, "a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of the comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of mistake." Clubside, 468 F.3d at 159.

The Court earlier found that Plaintiff had failed to point to other persons similarly situated who received different treatment, but permitted the Plaintiff to amend the Complaint to make such allegations. Plaintiff's Amended Complaint points to two individuals who allegedly "constructed buildings without first obtaining a permit, and were, after being notified by the Town of the need for a permit . . . granted permits with no prosecution[.]" (Amended Complaint, dkt. #34, at ¶ 39). Plaintiff alleges that "in or around 2010 or 2011, Scott Oles, a former Town Board member," built a garage in the Town of Delhi without first obtaining a permit." (Id.). When the Town notified him that a permit was necessary, "the Town granted him a permit after the fact without prosecuting him for violating any Town or other law." (Id.). Similarly, in or around 2012, Hildako and Laslo Soulok build a dog kennel on their property in the Town of Delhi without obtaining a permit. (Id.). The Town notified them of the need for a permit and granted them one without any prosecution for violating an ordinance. (Id. at 39). Plaintiff also alleges that during his trial over the zoning matter, he made "numerous attempts to

4

contact defendant Mathiesen to attempt to resolve the situation." (Id. at ¶ 46). Plaintiff asserts that municipalities acting in good faith often resolve such charges "informally." (Id.). Such was the case with the charges against Scott Oles and Hidalko and Laslo Soulok. (Id.). Mathiesen ignored Plaintiff's attempts to resolve the dispute in the same way, however, and Plaintiff was forced to stand trial. (Id.).

Earlier, the Court found that Plaintiff's class-of-one allegations, which centered on allegations that he was treated differently from Defendant Sherri Telian, did not state a claim. Plaintiff has amended the Complaint to allege that an appearance ticket regarding the zoning violations "was a sham, as the Town never intended to actually pursue charges against her[.]" (Id. at ¶ 41). The Town instead named Sherri Telian as co-defendant "to create the illusion that plaintiff was being treated in a fair manner." (Id.). Plaintiff alleges that Defendants Bracci and Mathiesen, "in collusion with defendant Sherri Telian, made the decision to name her as a defendant for that sham purpose." (Id.). Matheisen allegedly "kept defendant Sherri Telian advised of his activities in pursuing the Town's actions against plaintiff." (Id.). During the trial, Plaintiff contends, events made clear that he was treated differently than his former wife. (Id. at ¶ 44). Though Sherri Telian was the record owner of the property and had resided on the property when the subject buildings were constructed, "the focus of the trial was upon plaintiff Ernie Telian alone[.]" (Id.). During the trial, Plaintiff "observed defendant Sherri Telian in close proximity to, and conversing with, the Special Prosecutor." (Id. at ¶ 45). Sherri Telian and the Special Prosecutor "were laughing or giggling in a highly inappropriate and suspicious fashion." (Id.). Sherri Telian even winked at the Court Clerk. (Id.).

Moreover, Plaintiff alleges, "defendants Bracci, Mathiesen, and Sherri Telian, acting collectively and in collusion, personally exercised improper influence over Town Justice Gumo, either by their direct communication with Justice Gumo or through his Court Clerk, defendant Sherri Telian's close friend Cathy Fletcher" and "induce[d]" Gumo "to award an unprecedented and outrageous verdict to harass and intimate" Plaintiff "at the behest of defendant Sherri Turian." (Id. at ¶ 48). Plaintiff alleges that Town Justice Gumo has a history of accepting improper influences over his rulings. (Id. at ¶ 49). Plaintiff points to sanctions Justice Gumo allegedly received from the New York State Commission on Judicial Conduct for improper conduct in another matter. (Id.). Plaintiff alleges that this matter concerned Justice Gumo's failure to properly "insulate" his court clerk from a matter in which the clerk's daughter was likely a witness. (Id.).

In the end, Plaintiff alleges that:

Upon information and belief, Justice Gumo's decision was based upon unauthorized communications with and directions from defendants Bracci, Mathiesen, and Sherri Telian throughout the trial period. Discovery is required to investigate the nature and extent of such communications. Upon information and belief, Justice Gumo would not have found plaintiff guilty and/or imposed such an unreasonable fine in the absence of improper influences from defendants Bracci, Mathiesen and Sherri Telian.

(Id. at ¶ 52). Such misbehavior continued when the bank account of Plaintiff's business was restrained and the contents were paid to Defendant Town of Delhi. (Id. at 54). Cathy Fletcher witnessed the information subpoena served on the business account where the money in question was held. (Id. at ¶ 55). The town attorney kept Sherri Telian informed of these events. (Id. at ¶ 56).

Defendant argues that Plaintiff, as in his original Complaint, has failed to identify

in sufficient particularity the similarities between him and the persons he claims were similarly situated but treated differently. In terms of Oles and the Souloks, Defendant contends that Plaintiff has not identified any procedures followed in determining whether to prosecute, and has not alleged that any of the Defendants had anything to do with deciding not to prosecute the two sets of individuals. Without such allegations, Defendant contends, Plaintiff has not alleged a "true comparison." Moreover, the comparisons are inapt because Plaintiff's illegal structures were in place for more than twenty years while the compartors were in place for only a brief time.

The question raised by the Defendant is whether Plaintiff has identified sufficient comparators to state a class-of-one claim. As explained above, the Second Circuit requires that a plaintiff "show that 'no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy.'" Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135, 143 (2d Cir. 2010) (quoting Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005)). The Court finds that, at this stage of the litigation, Plaintiff has pointed to comparators who are sufficiently similar to identify facts which could plausibly give him a right to relief in this matter. Plaintiff alleges that others built structures similar to the ones on his property and did not suffer the same sort of regulatory action when town officials noticed that the structures violated zoning codes. Unlike the Plaintiff, who was forced to defend himself in court and on appeal, the comparators were permitted by town officials to resolve their permitting issues informally. Plaintiff also alleges that the Town's decision to take him to court over the issue was not based on any legitimate governmental reasons, but out of personal

animus.  The fact that the structures were in place much longer than those on the comparator's property does not make the comparators' projects dissimilar to Plaintiff's. Indeed, a sudden decision to prosecute the Plaintiff over the buildings could be seen as evidence of arbitrary rulings by Town officials based on personal animosity, rather than on legitimate governmental interests.  The Court finds that Plaintiff has, by pointing to these comparators, stated a claim for a class-of-one violation.

The case with respect to Defendant Sherri Telian, another alleged comparator, is more complicated.  In its previous decision, the Court concluded that, despite the fact that she was equally responsible for building the structures that were the subject of the court case but faced no actual punishment, Plaintiff had not alleged that Sherri Telian was a proper comparator.  The Court found that Plaintiff had not alleged that any of the Defendants were actually involved in the decision to allow her to avoid prosecution. That decision, as alleged in the original Complaint, lay in the hands of the Town Justice and in the prosecutors.  Defendant argues with respect to Defendant Sherri Telian that the Amended Complaint fails for the same reason as the original Complaint: Plaintiff's injuries did not come as a result of the decisions of any of the Defendants.

Read in the light most favorable to the Plaintiff and accepting all properly alleged facts as true, the Court finds that Plaintiff has plausibly alleged that the Defendants, including Defendant Sherri Telian, played a role in the decision exclusively to expose Plaintiff to prosecution.  In the previous Complaint, Plaintiff simply alleged suspicious behavior and relationships, but these allegations simply pointed towards (at worst) favoritism.  Now, however, the allegations related above, if proved, would indicate that the decision to expose only the Plaintiff to prosecution for violating zoning ordinances

was the result of an arrangement and agreement between the Defendants, the prosecutor, and the Town Justice. The decision that singled out Plaintiff and failed to hold Sherri Telian liable for zoning violations was not made by any named defendant, however. Without expressing any opinion on the likelihood of proving such allegations, the Court finds that such claims state a plausible allegation that Defendants intentionally treated Plaintiff differently than a similarly situated person, Sherri Telian. Thus, the Court also finds that Sherri Telian serves as a valid comparator.

The motion will therefore be denied in this respect.

### ii. State Action

As with the original Complaint, Defendant here argues that Plaintiff has failed to allege that she was part of a conspiracy to deny Plaintiff his rights, and thus has failed to allege that she engaged in state action exposing Sherri Telian to liability under 42 U.S.C. § 1983. Plaintiff, Defendant claims, has failed to allege facts by which Sherri Telian could possibly be considered to have engaged in state action by conspiring with Defendants who were employed by the Town of Delhi. The Amended Complaint, Defendant contends, adds only insignificant allegations that Sherri Telian was friends with Justice Gumo's court clerk and engaged in laughing and joking behavior with the Prosecutor at trial, and does nothing to plausibly allege concerted action that, if proved, would make Sherri Telian part of a conspiracy.

Plaintiff brings his claim under 42 U.S.C. §§ 1983. "Section 1983 provides a right of action against any person who 'under color of' state law subjects another person to a 'deprivation of any rights, privileges or immunities secured by the Constitution and laws." Carols v. Santos, 123 F.3d 61, 65 (2d Cir. 1997) (quoting 42 U.S.C. §1983). To

bring a claim under the statute, the plaintiff must first show that the Defendants' actions "come within the definition of 'under color of' law." Id. When the defendant in such a claim is a private actor, "'the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)). Thus, "a private actor acts under color of state law when the actor 'is a willful participant in joint activity with the State or its agents.'" Id. (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). "A private actor can only be a willful participant in joint activity with the State or its agents if the two share some common goal to violate the plaintiff's rights." Betts v. Shearman, 751 F.3d 78, 85 (2d Cir. 2013) (internal citations omitted). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Ciambriello, 292 F.3d at 324.

Plaintiff treats his claim against Sherri Telian as one that alleges a conspiracy to violate his constitutional rights. "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983). To properly allege conspiracy to violate § 1983, a Plaintiff "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-325.

The Court earlier found Plaintiff's allegations insufficient to support a claim that Sherri Telian acted under color of state law. The Court found that:

The only allegation that could possibly be construed as an action on Sherri Telian's part is the claim that she spoke with Defendant Mathiesen with regard to the non-compliant buildings on property that she owned and which Plaintiff occupied. Sherri Telian apparently reported the situation to Mathiesen. Giving the Complaint the required generous reading, if any agreement occurred between a state actor and a private party, that agreement must have been formed during that conversation. The Complaint alleges, however, that Sherri Telian, like Plaintiff, was issued an appearance ticket after Mathiesen inspected the property. How she could conspire with Mathiesen to violate Plaintiff's rights when Mathiesen issued her the same ticket as he issued Plaintiff is unclear. Sherri Telian faced the same legal jeopardy after that conversation as Plaintiff did. Plaintiff relies on other, conclusory, allegations based on her family connections, her personal relationships with some court officials, and the Town of Delhi's complex political dynamics to avoid this conclusion. These allegations are conclusory–they simply imply that a conspiracy must have excited because of the relationships between the parties. Such allegations do not plausibly suggest that Sherri Telian committed acts in concert with a Town official to deny Plaintiff his rights.

Dkt. # 31 at 11-12. Plaintiff contends that he has solved this pleading problem by adding allegations that "Sherri Telian, Bracci and Mathiesen agreed that the charges against her would be a sham, and that the Town had no intention of actually and legitimately prosecuting her[.]" Plaintiff's Brief, dkt. # 48, at 29. Those Defendants, Plaintiff claims, also "exercised undue influence upon Town Justice Gumo, either through direct communications or through his Court Clerk" and convinced the Justice to find Plaintiff guilty and "impose an outrageous fine." Id. Plaintiff further contends he pled facts which showed Justice Gumo's corruptibility by pointing to findings of the Judicial Conduct Board. Id. Finally, Plaintiff contends that Sherri Telian's connections to the Town and Court facilitated these corrupt arrangements.

The Court finds that these allegations just barely push the Amended Complaint across the line separating allegations that offer no plausible chance of relief from allegations which can survive a motion to dismiss. If Plaintiff is able to prove that Sherri

Telian and Town Officials engaged in the scheme to manufacture criminal charges against Plaintiff and then have them dismissed against Sherri Telian by a corrupt Town Justice, Plaintiff could recover on his claim that Sherri Telian actively conspired with state actors to violate his constitutional right to equal protection of the law.  Unlike Plaintiff's earlier allegations, where Sherri Telian only reported violations and the other Defendants acted independently to prosecute them, Plaintiff now alleges that Sherri Telian knowingly and actively participated in a careful scheme to bring false allegations and played a particular role in ensuring that those allegations damaged the Plaintiff. Whatever the likelihood of proving such claims, Plaintiff must be afforded an opportunity to prove them.[2]

### B.  Defendants Town of Delhi, Peter Bracci and John Mathiesen

Defendants Town of Delhi, Peter Bracci and John Mathiesen also move for dismissal of Plaintiff's Complaint on several grounds.  The Court will address each in turn.

### i.  Equal Protection

Defendants offer arguments nearly identical to those raised by Defendant Sherri Telian in arguing that Plaintiff's equal protection claim should be dismissed.  For the same reasons as stated above in reference to Defendant Telian, the Court will deny the motion.  Plaintiff has identified adequate comparators to plausibly allege that he was treated differently than a similarly situated person and that the differential treatment was

---

[2]Defendant Sherri Telian moved for attorney's fees, contending that the action was patently frivolous.  As the motion to dismiss will be denied, the motion for attorney's fees will be denied as well.

intentional and not based on any legitimate difference between the Plaintiff and the comparators. Defendants introduce evidence from other proceedings, including the filings and decision in the Town Court, to challenge the similarity of the comparators. The Court finds that the allegations in the Amended Complaint are sufficient to state a claim, and that such additional evidence should be weighed against the evidence collected in the discovery period at appropriate point in the litigation. At this stage, the Court's task is not to sift and weigh the evidence, but to evaluate the allegations in the Amended Complaint and determine whether they have raised a plausible claim for relief. The Court declines to make factual determinations at this point.

### ii. Due Process

Plaintiff's claim purports to raise a Fifth Amendment Due Process Claim. Defendants argue that Plaintiff has failed to allege any plausible due process claim. Plaintiff agrees that he has not alleged any substantive due process claim, but contends that the facts alleged in the Amended Complaint state a claim for a different type of violation: malicious prosecution in violation of the Fourth Amendment. Because Plaintiff admits that the Amended Complaint fails to state a claim for a substantive due process violation, the Court will grant the motion with respect to any claim Plaintiff raises against the moving Defendants for violating his due process rights.

### iii. Malicious Prosecution

Plaintiff instead argues that his claim actually raises a Fourth Amendment malicious prosecution claim. He contends that the casting of this claim as a due process action was a drafting error by his counsel, which the Court should excuse.

Defendants argue that, even if Plaintiff seeks to raise such a claim, his allegations do not represent facts which would provide a plausible right to relief.

In New York, malicious prosecution has "four elements[.]" DiBlasio v. City of New York, 102 F.3d 654, 657 (2d Cir. 1996). They are: "(1) commencement or continuance of a criminal proceeding; (2) lack of probable cause; (3) existence of malice, and (4) termination in plaintiff's favor." Id. "Malicious prosecution suits require, as an element of the offense, 'the termination of the proceeding in favor of the accused.'" Poventud v. City of New York, 750 F.3d 121, 130 (2d Cir. 2014) (quoting Smith-Hunter v. Harvey, 95 N.Y.2d 191, 195, 734 N.E. 2d 750, 373 N.Y.S. 2d 87 (2000)). "'Under the common law any final termination of a criminal proceeding in favor of the accused, such that the proceeding cannot be brought again, qualifies as a favorable termination for purposes of a malicious prosecution action.'" Id. at 130-31 (quoting Smith-Hunter, 95 N.Y.2d at 195). A termination is not favorable in this sense, however, "'if the charge is withdrawn or the prosecution abandoned pursuant to a compromise with the accused.'" Id. at 131.

Defendants argue that there can be no malicious prosecution claim in this instance because the Complaint alleges facts which indicate that probable cause existed for Plaintiff's prosecution. Defendants also assert that the proceeding did not terminate in Plaintiff's favor. Instead, the charges were dismissed because the charging instruments were insufficient. Moreover, they insist the proceedings ended with a compromise, and thus no malicious prosecution claim could be raised. Finally, Defendants insist that a malicious prosecution claim cannot be brought against them because Plaintiff's only allegation is that he was issued an appearance ticket and did not have his liberty seized. Plaintiff's response addresses the issue of probable cause,

14

but not the issue of favorable termination.

In deciding a motion to dismiss, the Court "'may consider . . . matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" <u>Kalyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech., Inc.</u>, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (quoting <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002)).  Federal Rule of Evidence 201 permits the Court to take judicial notice of fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b)(2).

Here, the Defendant has submitted the decisions of various courts and a stipulation of settlement between the parties in the underlying cases filed against the Plaintiff.  <u>See</u> Exhs. K-N to Plaintiff's Motion to Dismiss, dkt. # 42.  Those documents, the authenticity of which is accepted by the Court, indicate that a series of decisions regarding the claims against Plaintiff were issued by various courts in two separate cases.   After the Supreme Court of Delaware County, New York issued decisions in those two cases favoring the Plaintiff in this matter, those cases were the subject of appeals to the Appellate Division.  On June 24, 2014, Plaintiff and the Town of Delhi executed an agreement.  <u>See</u> Ehx. N.  That agreement provided that "the parties now desire to resolve their pending issues and also mutually agree to withdrawl [sic] the appeals in the above captioned matters[.]"  <u>Id.</u> The Town of Delhi agreed to "file a stipulation of withdrawal of the Town's two appeals pending with the Appellate Division Third Department" and to "vacate and [record] as such" the "Town's prior judgment against Mr. Telian" as well as to return funds to Plaintiff.  <u>Id.</u>

These documents make clear that Plaintiff could not prevail on a malicious prosecution claim against the Defendants. As explained above, an essential element of such a claim is a favorable termination of the case against the Plaintiff. Here, the case against the accused ended when the Plaintiff and the Town entered into an agreement to withdraw the appeals. As courts have explained, a termination is not favorable "'if the charge is withdrawn or the prosecution abandoned pursuant to a compromise with the accused.'" Poventud, 750 F.3d at 131. Since such a termination is exactly what happened in this case, the Plaintiff cannot prevail on his malicious prosecution claim, and the motion must be granted in this respect.

### iv. Conspiracy Claim under Section 1983

Defendants next argue that the Court must dismiss Plaintiff's conspiracy claim under Section 1983. Defendants contend that Plaintiff has failed to state a claim that his rights were violated, and thus no conspiracy to deprive him of those rights can exist. Even if Plaintiff had made out such a claim, Defendants contend, he has not alleged facts sufficient to support a claim that Sherri Telian conspired with the Defendants to violate his rights. His allegations of a conspiracy to deprive him of his rights are simply vague and conclusory; Plaintiff simply claims some sort of improper influence over Judge Gumo's decision and offers no factual allegations to support that claim.

For the reasons explained in relation to Defendant Sherri Telian's motion to dismiss the conspiracy claims, the Court will deny these Defendants' motion as well.

### v. Claims against the Town of Delhi

Defendants next argue that Plaintiff's claims against the Town of Delhi should be dismissed. The Defendants argue that no underlying constitutional violations have been properly alleged, and therefore no claim can be raised against the Defendant Town under Section 1983.

The Court notes that a Plaintiff seeking to raise a Section 1983 claim against a municipality must demonstrate that his rights were violated "pursuant to a governmental custom, policy, ordinance, regulation, or decision." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983). Plaintiff must allege "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Id. Here, Plaintiff argues that an official policy or custom was established by the decision of Defendants Bracci and Mathiesen to bring charges against him. Under those circumstances, "[m]unicipal liability may attach under § 1983 when a city policymaker takes action that violates an individual's constitutional rights. Even one episode of illegal retaliation may establish municipal liability under § 1983 if ordered by a person whose edicts or acts represent official city policy." Gronowski v. Spencer, 424 F.3d 285, 296 (2d Cir. 2005). Not all decisions made by city officials implicate municipal policy in this sense. Only if "a city official 'has final authority over significant matters involving the exercise of discretion,' [do] his choices represent government policy." Id. (quoting Rookard v. Hosps. Corp., 710 F.2d 41, 45 (2d Cir. 1983)).

The Court has found that Plaintiff alleged violations of his constitutional rights by Defendants with decision-making authority for the Town. Defendants do not argue that the Town should avoid liability even if the Court finds that violations of Plaintiff's constitutional rights were properly pled. Since Defendants do not address the issue of

17

a municipal policy or custom and the Court has found constitutional violations, the Court will deny the motion in this respect.

### vi.  Claims Against Defendant Bracci and Mathiesen

Defendants argue that any claims against Defendant Bracci and Mathiesen should be dismissed because the Complaint does not adequately plead any constitutional violations.  As such, they contend, the Plaintiff cannot plausibly allege that Defendants were responsible for violating his constitutional rights.  Even if Plaintiff had alleged conduct for which the Defendants could be liable, Defendants contend that they should be entitled to qualified immunity for their conduct.  The Defendants merely engaged in authorized acts of law enforcement, and they cannot be liable for what were at best mistakes in judgment.

"Qualified immunity is an affirmative defense that shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Stephenson v. Doe, 332 F.3d 68, 76 (2d Cir. 2003) (quoting McCardle v. Haddad, 131 F.3d 43, 50 (2d Cir. 1997)).  Courts engage in a two-step process to determine whether qualified immunity applies: "(1) the court must determine whether the facts, taken in the light most favorable to the party asserting an injury, show a violation of a constitutional right; and (2) the court must determine whether the constitutional right was 'clearly established' such that 'the contours of the right [are] sufficiently clear that a reasonable official would understand what he is doing violates that right.'" Holeman v. City of New London, 425 F.3d 184, 189 (2d Cir. 2005) (quoting Saucier v. Katz, 533 U.S. 194, 201-206 (2001)).

18

Defendants' claims of qualified immunity come in the form of a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To be sure, "courts should resolve the question of qualified immunity at the 'earliest possible stage in the litigation[.]'" Walker v. Schult, 717 F.3d 119, 126 (2d Cir. 2013) (quoting Saucier, 533 U.S. at 201). Still, "'a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept the more stringent standard applicable to this procedural route.'" Id. (quoting McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004)). "Not only must the facts supporting the defense appear on the face of the complaint, but as with all Rule 12(b)(6) motions, the motion may be granted only where 'it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" Mckenna, 386 F.3d at 437 (quoting Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir. 1992)). Under those circumstances, "the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." Id.

Defendants cannot surmount this high hurdle. Read in the light most favorable to the Plaintiff, the Amended Complaint alleges that the Defendants made the decision to charge and prosecute him not as some sort of ministerial duty or out of a reasoned–if incorrect–decision that they had grounds to do so. Instead, Plaintiff alleges, Defendants took action because they had a personal animus towards the Plaintiff and because they were part of a conspiracy to harm him. Whatever discovery may reveal about these claimed facts, the Court must at this point accept them as true and make all reasonable inferences available from those alleged facts. Under that standard, the

19

Court must conclude that the rights that Defendants allegedly violated were "sufficiently clear that a reasonable official would understand what he is doing violates that right." Holeman v. City of New London, 425 F.3d at 189 (citations omitted). Officers know that they need legitimate grounds to file charges against someone. The Court will therefore deny the motion in this respect. Defendants are of course free to raise the issue again at an appropriate point.

### vii. Punitive Damages

Defendants seek to have any claim to punitive damages stricken from the Complaint. They point out that a municipality cannot be liable for punitive damages under Section 1983. See New Windsor Volunteer Ambulance Corps., Inc. v. Meyers, 442 F.3d 101, 122 (2d Cir. 2006) (finding that "a municipality itself is immune from a claim of punitive damages[.]"). Defendants also contend that Plaintiff has not alleged any conduct which would permit a jury to award punitive damages against the individual defendants. Courts have found that "[a] jury may be permitted to award punitive damages in a § 1983 action when it finds that the defendant's violation of federal law was intentional . . . or 'when the defendant's conduct is shown to be motived by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others[.]" McCardle v. Haddad, 131 F.3d 52-53 (2d Cir. 1997) (quoting Smith v. Wade, 461 U.S. 30, 51 (1983)).

To the extent that Plaintiff seeks punitive damages against Defendant Town of Delhi, the Defendants' motion will be granted. As explained above, a municipality cannot be liable for punitive damages under Section 1983.

With respect to Defendant Bracci and Mathiesen, the Court finds that Plaintiff

has alleged that these Defendants participated in a conspiracy designed to deprive Plaintiff of his constitutional rights, and that the allegations in the complaint of unfair and unequal enforcement of the law was motivated by their animus towards and/or dislike of the Plaintiff.   The Court notes that the motion to dismiss is not the stage of the Complaint where malice or intent can be tested.  Since Plaintiff's complaint can be read to allege a degree of culpability sufficient to impose liability, the Court will deny the motion at this time.  The Court recognizes, of course, that the burden of proving such conduct lies with the Plaintiff.

## IV.    CONCLUSION

For the reasons stated above, the Defendants' motions to dismiss the Amended Complaint will be GRANTED in part and DENIED in part, as follows:

1.  The motion of Defendant Sherri Telian, dkt. # 41, is DENIED; and

2.  The motion of Defendants Peter Bracci, John Mathiesen and Town of Delhi, dkt. # 42, is GRANTED in part and DENIED in part, as follows:

a.  The motion is GRANTED with prejudice with respect to Plaintiff's malicious prosecution and due process claims against the moving Defendants;

b.  The motion is GRANTED with prejudice with respect to Plaintiff's claims for punitive damages against Defendant Town of Delhi

c.  The motion is DENIED in all other respects.


IT IS SO ORDERED

Dated:May 13, 2015

Thomas J. McAvoy
Senior, U.S. District Judge